# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| RONALD GENE SMITH, ET AL. | CIVIL ACTION NO. 11-0511 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARCO A. RAMOS, M.D., ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the Court is an unopposed Rule 12(b)(6) Motion to Dismiss (Record Document 13) filed by defendants Marco A. Ramos, M.D. and Marco A. Ramos, M.D., A Professional Medical Corporation (collectively "Dr. Ramos"). Dr. Ramos moves for dismissal on the ground that the instant lawsuit is premature. For the reasons that follow, the motion is **GRANTED**.

## RELEVANT BACKGROUND

On September 16, 2010, Ronald Gene Smith and Karen Mechelle Smith (collectively "Plaintiffs") filed a medical review panel petition (Record Document 13-1 at 7) against Dr. Ramos. The petition alleges that Dr. Ramos did not correctly evaluate a CT scan (¶ VII(A)), that Dr. Ramos inappropriately delayed in re-operating on Ronald Gene Smith (¶ VII(B)), and that Dr. Ramos did not adequately treat Mr. Smith during and following the second surgery (¶ VII(B)). This matter is currently pending under Patient's Compensation Fund No.2010-01049. See Record Document 13-1 at 14.

On October 15, 2010, Plaintiffs filed a second medical review panel petition (Record Document 13-1 at 16) against Dr. Ramos and Willis-Knighton Medical Center. The petition alleges that medical treatment received by Ronald Gene Smith during a hospitalization in

January-February of 2010 fell below the standard of care. This matter is currently pending under Patient's Compensation Fund 2010-01234. See Record Document 13-1 at 24.

Plaintiffs filed this suit against Dr. Ramos in the Fourth Judicial District Court of Louisiana in Ouachita Parish on December 23, 2010. See Record Document 13-1 at 26. Medtronic Sofamor Danek, USA, Inc. and Medtronic, Inc. removed the case to this Court and a Removal Order was entered on March 30, 2011. See Record Documents 1 and 4.

**LAW AND ANALYSIS**

**I.      Rule 12(b)(6)**

In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept all well-pleased facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Nonetheless, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will exposer the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

**II.     Louisiana Medical Malpractice Act**

According to the Erie doctrine, a case in federal court where jurisdiction is founded on diversity must be decided using the substantive law of the forum state; in this case, Louisiana. See Sanders v. Belle Exploration, Inc., No. 10-30475, 2011 WL 1659511, *2

(5th Cir. Apr. 28, 2011); see also Cole v. Knowledge Learning Corp., No. 10-30546, 2011 WL 818151, *4(5th Cir. Mar. 4, 2011); Holt v. State Farm Fire & Cas. Co., 627 F.3d 188, 191 (5th Cir. 2010); Aspen Ins. UK, Ltd. v. Dune Energy, Inc., No. 10-30335, 2010 WL 4460316, **2 (5th Cir. Nov. 8, 2010); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80, 58 S.Ct. 817, 822-823 (1938).

Marco A. Ramos, M.D., a neurosurgeon, qualifies as both a "physician" and a "health care provider" under the Louisiana Medical Malpractice Act ("LMMA"). La. R.S. 40:1299.41(A) (10 and 16). Marco A. Ramos, M.D., A Professional Medical Corporation, is likewise a "health care provider" under the LMMA. La. R.S. 40:1299.41(A)(10). Additionally, Dr. Ramos is currently enrolled in the Patient's Compensation Fund. See Record Document 13-1 at 2 and 4. Plaintiffs in this matter qualify as "claimants" under the LMMA. La. R.S. 40:1299.41(A)(4).

The LMMA provides that all medical malpractice claims against qualified health care providers must be initially reviewed by a medical review panel before a lawsuit is brought. La. R.S. 40:1299.47(A)(1)(a) & (B)(1)(a)(I). A review of federal jurisprudence from the Western District of Louisiana shows that an action in malpractice against a qualified health care provider, which is governed by the LMMA, should be dismissed as premature if a medical review panel has not yet completed an evaluation of the provider's actions. See Miller v. Griffin-Alexander Drilling Co., 685 F. Supp. 960 (W.D. La. 1988); Bourne v. Eli Lilly & Co., No. 05 -1212, 2005 WL 2998914 (W.D. La. Nov. 8, 2005); Fontenot v. Johnson & Johnson, No. 10-162, 2010 WL 2541187 (W.D. La. Apr. 30, 2010). Here, the record establishes that there are two medical review panels pending in relation to this case. See Record Document 13-1. Because the medical review panels have not yet concluded, the

filing of the suit at hand against Dr. Ramos was premature. La. R.S. 40:1299.47(A)(1)(a) & (B)(1)(a)(I); see also Fontenot v. Johnson & Johnson, No. 10-162, 2010 WL 2541187 (W.D. La. Apr. 30, 2010). The Motion to Dismiss is, therefore, **GRANTED**.

## CONCLUSION

The Court finds that Plaintiffs' action against Dr. Ramos is premature under the LMMA. Thus, Dr. Ramos' Rule 12(b)(6) Motion to Dismiss (Record Document 13) is **GRANTED**. All claims against Marco A. Ramos, M.D. and Marco A. Ramos, M.D., A Professional Medical Corporation, are **DISMISSED WITHOUT PREJUDICE**.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of May, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE